# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOHANNY POLANCO-MITAROTONDA and NICOLA MITARONTONDA, her husband, <br><br> Plaintiffs, <br><br> v. <br><br> CONAGRA BRANDS, INC.; BJ'S WHOLESALE CLUB, INC.; NICHOLAS SEGEDIN; JOHN DOE 1-10 (a fictitious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products); ABC CORP. 1-10 (a fictitious name representing a class of fictitious defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product); XYZ CORP. 1-10 (a fictitious name representing a class of fictitious defendants who sold, distributed or advertised the product), <br><br> Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

Defendant Conagra Brands, Inc. ("Conagra"), by and through its undersigned counsel, hereby removes the above-captioned case from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1332, 1441, and 1446, and in support thereof, states as follows:

1

## INTRODUCTION

1. This Notice of Removal is being filed pursuant to 28 U.S.C. §1441(a), which provides for removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a).

2. Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of this civil action because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and it is between citizens of different states.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

3. On November 24, 2020, Plaintiffs Yohanny Polanco-Mitarotonda and Nicola Mitarotonda ("Plaintiffs") commenced this action against Defendants Conagra Brands, Inc., BJ's Wholesale Club, Inc., and Nicholas Segedin by filing a Complaint in the Superior Court of New Jersey, Essex County. A copy of the Complaint is attached hereto as **Exhibit A.**

4. Conagra has not been served. Conagra did, however, obtain a copy of the Complaint on December 2, 2020.

5. This Notice of Removal is filed within 30 days of Conagra's receipt of the Complaint, and is therefore, timely filed. 28 U.S.C. § 1446(b)(1) (requiring removal within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading").

6. All other pleadings, process, orders, and other filings in the state court action are attached to this Notice of Removal as **Exhibit B,** as required by 28 U.S.C. §1446(a).

7. This is the proper district for removal in that the District of New Jersey encompasses Essex County and is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 110, 1441(a).

8. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Essex County, Law Division, and is being served upon Plaintiffs and all parties of record, pursuant to 28 U.S.C. § 1446(d). *See* **Exhibit C.**

9. Upon information and belief, no Defendant has been served. Accordingly, consent is not required of the other Defendants prior to removal. 28 U.S.C. § 1446(b)(2) (requiring consent of "all defendants who have been properly joined and served"); *Wells Fargo Bank, N.A. v. Schildknecht et* al, No. 2:20-CV-00677-ES-SCM, 2020 WL 6729419, at *2 (D.N.J. June 29, 2020) (consent of co-defendants not required where (i) non-joining defendant is an unknown or nominal party, (ii) where a defendant was fraudulently joined, or (iii) non-joining defendant "has not been served at the time the removing defendants filed their petition.").

10. Conagra's belief that no co-defendant has been served is based on the fact that no proofs of service appear on the state court docket (**Ex. B**) and based on a representation from an attorney for Defendant BJ's Wholesale Club's stating that BJ's has not been served.

**REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

**A. Diversity of Citizenship Exists.**

11. Plaintiffs are citizens of New Jersey. Upon information and belief, they are domiciled at 91 Humboldt Street, East Rutherford, New Jersey. (*See* Cplt. at ¶ 1.)

12. Defendant Conagra Brands, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. (*See* Cplt. ¶ 6.) Therefore, Conagra Brands, Inc. is a citizen of Delaware and Illinois.

13. Therefore, there is complete diversity of citizenship among the parties at the time of the filing of the Complaint and this Notice of Removal. *See* 28 U.S.C. §§ 1332(a), 1441(a).

### 1. Diversity of Citizenship Not Defeated by an Un-Served Defendant Whose Citizenship is Not Known or Alleged.

14. Furthermore, the fact that BJ's Wholesale Club, Inc. and Nicholas Segedin have been named as Defendants does not prevent removal or defeat diversity.

15. Defendant BJ's Wholesale Club, Inc. is a Delaware corporation with its principal place of business in Westborough, Massachusetts. (*See* Cplt. ¶ 9.) Therefore, BJ's Wholesale Club, Inc. is a citizen of Delaware and Massachusetts.

16. Plaintiffs have named Defendant Nicholas Segedin who they allege was employed by BJ's Wholesale Club, and was allegedly responsible, along with others, for "the ordering, stocking, marketing and sale of the can of Wellsley Farms Cooking Spray." (Cplt. ¶ 11.) Plaintiffs do not allege the citizenship of Mr. Segedin. But even if it is determined or alleged that Mr. Segedin is a citizen of New Jersey, that determination will not defeat diversity under the procedure of "snap removal." *See generally, Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

17. As the Court recently explained in *Dillard v. TD Bank, NA*, No. 1:20-CV-07886-NLH-JS, 2020 WL 4339347, at *1 (D.N.J. July 28, 2020):

> When a forum defendant has not been properly joined and served in an action, the non-forum defendant can nevertheless remove the action through what some have called a "snap removal." See Encompass Ins. Co. v. Stone Mansion Rest., Inc., 902 F.3d 147, 153 (3d Cir. 2018) (citing 28 U.S.C. § 1441(1)(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")). Put differently, a snap removal allows a non-forum defendant to remove an action before the diversity-defeating forum defendant is served. See id.

18. Because of the procedure of "snap removal" the citizenship of the remaining Defendants, including the possible New Jersey citizenship of Mr. Segedin, does not prevent removal.[1]

### 2. Diversity is Also Not Defeated by the Naming of Fictitious Defendants

19. Plaintiffs have also named as defendants the unnamed and fictitious individuals or entities John Doe 1-10, ABC Corp. 1-10; and XYZ Corp. Nos. 1-10.

20. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" for the purposes of determining diversity jurisdiction.

21. Therefore, the citizenship of these fictitious parties should be disregarded at this stage and is not relevant to the diversity jurisdiction analysis at this juncture.

### B. The amount in controversy requirement is satisfied.

22. Plaintiffs allege that Plaintiff Yohanny Polanco-Mitarotonda suffered "serious and permanent injuries" "including burns." (Cplt. ¶ 2.) She further alleges "burns, scarring, and disfigurement" and that she "suffered great pain and anguish in both mind and body." (Cplt., Count III, ¶ 16.) She further refers to "substantial sums" spent on medical care, and lost earnings. (*Id.*).

---

[1] If Plaintiff comes forward with proof that Mr. Segedin is a citizen of New Jersey (making him a non-diverse defendant) *and* proof that he was served prior to removal, removal would still be proper under the doctrine of fraudulent joinder and his citizenship would not defeat diversity jurisdiction. *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) ("Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.") Plaintiffs' Complaint does not include any specific allegations against Mr. Segedin or explain how his conduct is connected to the Plaintiffs' claims that the cooking spray was defective. "As one court has aptly put it, there is 'no better admission of fraudulent joinder" than the failure of a plaintiff 'to set forth any specific factual allegations' against a defendant." *Hannah v. Johnson & Johnson Inc.*, No. CV 18-10319, 2020 WL 3497010, at *14 (D.N.J. June 29, 2020) (quotation omitted).

23. Plaintiffs also allege that Plaintiff Nicola Mitarotonda "has been and will in the future be deprived of [Yohanny Polanco-Mitarotonda's] support, society, companionship, love, solace, consortium, services and more." (Cplt., Count VII, ¶ 3.)

24. Based on the claims as alleged in the Complaint, and the detailed representations about the injuries that Plaintiffs claim they suffered, including but not limited to the "substantial sums" spent on medical care, (Cplt., Count III, ¶ 16), the amount in controversy is in excess of $75,000.00.

25. It is well established that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 783 n.2 (3d Cir. 2020) (considering allegations of "pain, suffering" and request for "attorneys' fees" as basis to conclude it is plausible that amount in controversy was met).

26. Therefore, this Court has jurisdiction over this action because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity among the parties.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant Conagra Brands, Inc. hereby requests that this Court retain jurisdiction of matter as removed from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

Pursuant to Local Civil Rule 11.2, the undersigned certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, except the state court action previously pending in the Superior Court of New Jersey, Essex County which is the subject of this Notice of Removal, nor is any action or arbitration proceeding contemplated nor are there parties required to be joined in this action.

Dated: December 4, 2020

                                            **LAVIN, CEDRONE, GRAVER BOYD & DISIPIO**

                                            */s/Matthew D. Garson*
By: _____
              Matthew D. Garson, Esquire
              1300 Route 73
              Suite 307
              Mount Laurel, NJ 08054
              (856)778-5544
              (856) 793-0237 Fax

              *Attorneys for Defendant Conagra Brands, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

YOHANNY POLANCO-MITAROTONDA
and NICOLA MITAROTONDA, her
husband,

          Plaintiffs,

      v.

CONAGRA BRANDS, INC.; BJ'S
WHOLESALE CLUB, INC.; NICHOLAS
SEGEDIN; JOHN DOE 1-10 (a fictitious
name representing managers or employees
that were responsible for the ordering,
stocking, marketing and/or sales of products);
ABC CORP. 1-10 (a fictitious name
representing a class of fictitious defendants
who designed, manufactured, assembled,
marketed or sold the product or a component
of the product); XYZ CORP. 1-10 (a
fictitious name representing a class of
fictitious defendants who sold, distributed or
advertised the product),

          Defendants.

Civil Action No.

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on the date set forth below, a true and correct copy of the ***Notice of Removal*** was filed with the Clerk of the United States District Court for the District of New Jersey and served upon all counsel of record in this matter via E-Mail:

1

Harris S. Feldman, Esq.
BLUME, FORTE, FRIED,
ZERRES & MOLINARI, P.C.
One Main Street
Chatham, New Jersey 07928
(973) 635-5400
Attorneys for Plaintiff

Dated:  December 4, 2020

          **LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO**

       */s/Matthew D. Garson*

By:_____
    Matthew D. Garson, Esquire
    1300 Route 73
    Suite 307
    Mount Laurel, NJ 08054
    (856)778-5544
    (856) 793-0237 Fax

    *Attorneys for Defendant Conagra Brands, Inc.*

2206080v1