UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOHANNY POLANCO-MITAROTONDA and NICOLA MITAROTONDA,<br><br>Plaintiffs,<br><br>v.<br><br>CONAGRA BRANDS, INC.; BJ'S WHOLESALE CLUB, INC.; and NICHOLAS SEGEDIN,<br><br>Defendants. | Case No. 20–cv–18084–CCC–ESK<br><br>REPORT AND RECOMMENDATION |

**KIEL**, **U.S.M.J.**

  **THIS MATTER** is before the Court on the motion of plaintiffs Yohanny Polanco-Mitarotonda (Yohanny) and Nicola Mitarotonda to remand (Motion To Remand) the case to state court for lack of complete diversity of citizenship pursuant to 28 U.S.C. § (Section) 1447(c). (ECF No. 9.) Defendants filed opposition to the Motion To Remand (ECF No. 17), and a cross-motion to dismiss (Cross-Motion To Dismiss) the claims asserted against defendant Nicholas Segedin. (ECF No. 16.) Plaintiffs filed a reply brief to defendants' opposition (ECF No. 20), and filed opposition to the Cross-Motion To Dismiss. (ECF No. 22.) Defendants filed a reply brief in further support of the Cross-Motion To Dismiss. (ECF No. 23.) For the following reasons, I recommend: (1) the Motion To Remand be granted; (2) the Cross-Motion To Dismiss be administratively terminated without prejudice; and (3) the case be remanded to state court.

## BACKGROUND AND PROCEDURAL HISTORY

  Plaintiffs originally brought the case against defendants Conagra Brands, Inc. (Conagra), BJ's Wholesale Club, Inc. (BJ's), and Nicholas Segedin in the

Superior Court of New Jersey, Essex County (Superior Court). The complaint alleges that: (1) in February 2019, Yohanny suffered personal injuries in her home while cooking on her stove when the contents of a can of cooking spray (Spray Can) ignited upon being released; (2) Conagra manufactured the Spray Can for sale by BJ's under BJ's in-house brand label "Wellsley Farms"; (3) plaintiff bought the Spray Can at a location operated by BJ's; (4) Segedin was the BJ's employee who was responsible for "ordering, stocking, marketing[,] and [selling]" the Spray Can at that BJ's location; and (5) defendants were aware that the design of the Spray Can was defective when the Spray Can was purchased by Yohanny. (ECF No. 1-2 pp. 3–5, 10.) The complaint seeks to recover damages under claims for negligence and products liability. The complaint names Segedin in all seven counts. (*Id.* pp. 5–21; *see also* ECF No. 9-2 p. 2.)

Defendants removed the case to federal court based upon diversity jurisdiction, because: (1) plaintiffs are deemed New Jersey citizens pursuant to Section 1332(a)(1); (2) BJ's is a citizen of Delaware and Massachusetts pursuant to Section 1332(c)(1); and (3) Conagra is a citizen of Delaware and Illinois pursuant to Section 1332(c)(1). (*See* ECF No. 1 pp. 3, 4.)[1] However, defendants concede that Segedin is a New Jersey citizen. (ECF No. 8 p. 2.) Consequently, the citizenship of each defendant is not completely diverse from the citizenship of plaintiffs.

As to Segedin's New Jersey citizenship, defendants argue that plaintiffs have fraudulently joined Segedin to the case in order to defeat diversity jurisdiction and to prevent removal to federal court. Defendants argue that the Court should disregard Segedin's citizenship because he had nothing to do with

---

[1] "It is axiomatic that the federal judiciary's diversity jurisdiction depends on complete diversity between all plaintiffs and all defendants." *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995) (citing Section 1332). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

ordering, stocking, marketing, or selling the Spray Can during his employment with BJ's. (ECF No. 16-3 p.7.) Conversely, plaintiffs argue their claims against Segedin are viable because a negligence claim against an individual store manager such as Segedin is colorable under New Jersey law, even if the employer can be held vicariously liable. (ECF No. 9 p.17.)

## DISCUSSION AND ANALYSIS

### I. STANDARD FOR REVIEW

To show that plaintiffs fraudulently joined Segedin solely to defeat removal based on diversity jurisdiction, defendants as "the removing part[ies] carr[y] a heavy burden of persuasion." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks and citations omitted). Segedin's joinder is fraudulent only if "there is no reasonable basis in fact or colorable ground supporting the claim against [Segedin], or no real intention in good faith to prosecute an action against … [Segedin] or seek a joint judgment." *Id.* (internal quotation marks and citations omitted). In engaging in this analysis, a court must resolve all contested factual and legal issues in plaintiffs' favor, and then remand the case "if there is even a possibility that a [New Jersey] state court would find that the complaint states a cause of action against … [Segedin]." *Id.* (internal quotation marks and citations omitted).

The standard for addressing the issue of fraudulent joinder is not the same as for addressing dismissal for failure to state a claim or summary judgment. *See In re Briscoe*, 448 F.3d 201, 217–18 (3d Cir. 2006) (holding a district court must not delve into the merits of a claim in a fraudulent joinder inquiry); *Batoff*, 977 F.2d at 852 (holding a district court would be committing reversible error in a fraudulent joinder analysis by delving into the merits of the claim asserted against the defendant in issue). An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852. A fraudulent joinder

analysis is not as "penetrating," and thus the rejection of a fraudulent joinder argument does not guarantee that a claim will withstand a motion to dismiss for failure to state a claim on the merits, a motion for summary judgment, or a trial. *Id.* at 853. Even when "the allegations against [a defendant] are sparse, the Court's … fraudulent joinder jurisprudence … directs an approach significantly more forgiving than that governing motions to dismiss." *Raber v. Express Scripts Holding Co.*, No. 18-08639, 2019 WL 1043101, at *1 (D.N.J. Mar. 5, 2019) (internal quotation marks omitted).

## II.  PLAINTIFFS HAVE ASSERTED COLORABLE CLAIMS AGAINST SEGEDIN

There is much more than a mere possibility in this case that a New Jersey state court could find that plaintiffs have asserted viable claims pursuant to New Jersey state law against Segedin. It is undisputed that Segedin was at some point a manager employed by BJ's at the BJ's location where Yohanny purchased the Spray Can. Furthermore, for plaintiffs not to join Segedin as a defendant may have been a tactical error, because in an action to recover damages for personal injuries caused by alleged negligence:

> it is not unusual for a plaintiff to name the employer that may be liable under respondeat superior and the employee who engaged in the conduct at issue. Indeed, it is proper for the plaintiff to name the employee in order to be afforded protection from the possibilities, among others, that (1) the employer may disavow culpability for the conduct, (2) the employee may not cooperate with discovery or other aspects of litigation if the employee is not named, or (3) the employee may no longer be employed by that employer.

*Acerra v. Whirlpool Corp.*, No. 09-05402, 2010 WL 1265198, at *1 (D.N.J. Mar. 26, 2010); *see also Carvajal v. Target Stores, Inc.*, No. 15-03797, 2016 WL 111423, at *3 (D.N.J. Jan. 11, 2016) (rejecting fraudulent joinder argument concerning the naming of defendant manager of defendant store in personal injury action, and holding that both may be named even when the store may be held vicariously

liable for manager's negligence); *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 762 (1989) (holding that defendant employee who allegedly committed tort may still be individually liable even if acting on defendant employer's behalf without any personal benefit).

As a result, it was reasonable for plaintiffs to join Segedin as a defendant even if the claims asserted against Segedin are not ultimately successful, and even if BJ's is ultimately found completely liable for Segedin's alleged conduct. *See Lappe v. Target Corp., No.* 15-00007, 2016 WL 6305949, at *6 (D.N.J. Oct. 27, 2016) (holding that if an injury is caused by an employee's alleged negligent conduct during the course of employment, then plaintiff may choose to bring an action against the employee and the employer jointly, even if the negligence complained of is the same); *see also Carter v. Reynolds*, 175 N.J. 402, 417 (2003) (holding employer defendant to be vicariously liable for the negligent conduct of employee defendant, but holding such a determination requires "a fact-intensive inquiry").[2]

Further, it appears defendants' argument that plaintiffs have named Segedin in the action in bad faith is belied by plaintiffs' efforts to personally serve Segedin with process. Plaintiff did not merely name Segedin as a defendant without taking any further steps to proceed against him. (ECF No. 8 (defendants noting in correspondence that Segedin was served on or about December 10, 2020); ECF No. 9-2 p. 2 (plaintiffs noting Segedin was "successfully served … on December 9, 2020").) Such service was accomplished by plaintiffs after three failed attempts. (ECF No. 9-8 (plaintiffs listing all attempts to serve

---

[2] Persuasive authority from the Eastern District of Pennsylvania further supports this conclusion. *See Palmer v. Mega Brands Inc.*, No. 08-00587, 2008 WL 11515844, at *3 (E.D. Pa. Apr. 8, 2008) (finding defendant manager of defendant toy retailer was not fraudulently joined to action concerning injuries suffered from defendant manufacturer's allegedly defective toy, where plaintiffs alleged the manager failed to warn customers of the dangers of the toy and continued to sell the toy even when he knew or had reason to know that it was hazardous).

Segedin); ECF No. 10 (same).) These efforts by plaintiffs reveal a good faith intention to proactively proceed against Segedin, and that their intention to do so cannot be viewed as being half-hearted. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (holding the claims in an action asserted against "Doe defendants" survived fraudulent joinder analysis, as plaintiffs endeavored to proceed against those defendants and to conduct discovery); *Bae v. Va. Transp. Corp.*, No. 20-02354, 2020 WL 6268675, at *2 (D.N.J. Oct. 26, 2020) (holding claims asserted against employee defendant in a personal injury action survived fraudulent joinder analysis, because "by personally serving [employee defendant] with process …, plaintiffs have demonstrated a good-faith intention to proceed against him").

### III. THE SUBSTANTIVE MERITS ARE NOT RELEVANT

The parties' arguments concerning the fraudulent joinder issue delve improperly into the substantive merits of the claims and defenses of this case. For instance, defendants argue that Segedin's employment with BJ's ended in January 2016, and that the Spray Can "had not even been manufactured when Mr. Segedin's employment with [BJ's] ended." (ECF No. 8 p.2; *see also* ECF No. 16-3 p.11 (arguing that "Mr. Segedin's employment with [BJ's] ended on or about January 30, 2016 … more than a year before the [Spray] Can was filled on or about February 15, 2017").) However, plaintiffs argue that the Spray Can design had been in use since 2012 and was thus available for sale at BJ's during Segedin's tenure at BJ's (ECF No. 9-2 p.3), and that Segedin's employment with BJ's extended beyond January 2016. (ECF No. 9-22 p.2 (media report concerning a jury verdict returned against BJ's and Segedin in an unrelated personal injury action indicating that Segedin was employed by BJ's as of June 2016).) These arguments present disputes concerning the underlying facts and merits of the case that are beyond the scope of an inquiry concerning fraudulent joinder and diversity jurisdiction. *Batoff,* 977 F.2d at 852. At this juncture, I

6

cannot "pass[] on the merits of the case[.]" *Agyabeng v. KMart Corp.*, No. 09-00730, 2009 WL 2151904, at *3 (D.N.J. July 13, 2009) (rejecting fraudulent joinder argument in an employment discrimination case that named employee managers as defendants along with the employer). Based upon my review of the complaint, the Motion To Remand, and the related submissions, I find that a New Jersey state court would conclude that the complaint states a cause of action against Segedin. Accordingly, I must find that the joinder of Segedin is proper and recommend that the case be remanded to Superior Court.[3]

## RECOMMENDATION AND ORDER

I issue this report and recommendation upon my review of the papers and without oral argument. *See* Fed.R.Civ.P. 78(b); *see also* L.Civ.R. 78.1(b). For the reasons stated above, it is:

1. **RECOMMENDED** that the Motion To Remand (ECF No. 9) be granted.

2. **RECOMMENDED** that the Cross-Motion To Dismiss (ECF No. 16) be administratively terminated without prejudice.

3. **RECOMMENDED** that the case be remanded to the Superior Court of New Jersey, Essex County.

4. **ORDERED** that the Clerk of the Court administratively terminate the Motion To Remand (ECF No. 9) and the Cross-Motion To Dismiss (ECF No. 16), pending the review of this report and recommendation.

5. **ORDERED** that the Clerk of the Court activate this report and recommendation to indicate that it requires further action by the District Judge.

---

[3] Defendants' arguments concerning the propriety of snap removal (ECF No. 1 p.4) need not be addressed in view of the disposition of the fraudulent joinder issue.

7

6. **ORDERED** that the parties have **fourteen days** to file any objections to this report and recommendation pursuant to Local Civil Rule 72.1(c)(2).

                                                                               */s/ Edward S. Kiel*
                                                         **EDWARD S. KIEL**
                                                        **UNITED STATES MAGISTRATE JUDGE**

Date:    June 28, 2021