NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOHANNY POLANCO-MITAROTONDA and NICOLA MITAROTONDA,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>CONAGRA BRANDS, INC., BJ'S WHOLESALE CLUB, INC., and NICHOLAS SEGEDIN<br><br>　　　　　Defendants. | Civil Action No.: 20-18084<br><br>**Order** |

**CECCHI, District Judge.**

Before this Court is Magistrate Judge Edward S. Kiel's Report and Recommendation ("R&R"), issued on June 28, 2021. ECF No. 25. Judge Kiel's R&R recommends that Plaintiffs Yohanny Polanco-Mitarotonda ("Yohanny") and Nicola Mitarotonda's (collectively, "Plaintiffs") motion for remand be granted (ECF No. 9), and Defendants Conagra Brands, Inc., BJ's Wholesale Club, Inc., and Nicholas Segedin's (collectively, "Defendants") opposition and cross-motion to dismiss[1] be administratively terminated without prejudice. ECF No. 17. Defendants timely objected to the R&R on July 12, 2021. ECF No. 26. On July 26, 2021, Plaintiffs filed a reply to Defendants' objections. ECF No. 27.

This case concerns allegations that Yohanny suffered personal injuries in her home due to a purportedly defective cooking spray can igniting upon use. Plaintiffs assert that the spray can was manufactured by Conagra and sold at the BJ's Wholesale location at which Segedin was employed. *See generally* ECF No. 1-2. Plaintiffs originally brought this claim in the Superior

---

[1] Because the Court adopts Judge Kiel's Report and Recommendation to remand this matter to state court, any arguments advanced by Defendants related to their motion to dismiss are moot, and the Court need not address them.

Court of New Jersey and Defendants removed the case to federal court based upon diversity jurisdiction. ECF No. 1. For purposes of diversity jurisdiction, Plaintiffs are New Jersey citizens, BJ's is a citizen of Delaware and Massachusetts, Conagra is a citizen of Delaware and Illinois. *Id.* at 3–4. However, Segedin, like Plaintiffs, is a New Jersey citizen. ECF No. 8 at 2. Defendants argue that Plaintiffs have fraudulently joined Segedin to the case in order to defeat diversity jurisdiction and prevent removal to federal court.

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* Federal Rule of Civil Procedure 72(b)(3). The Court has reviewed the R&R and record in this matter and agrees with Judge Kiel's analysis and conclusions.

Joinder is improper and "fraudulent" if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. St. Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). However, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* In determining whether joinder is fraudulent, a court must not move "from the threshold jurisdictional issue into a decision on the merits." *Boyer*, 913 F.2d at 112. It is a defendant's burden, by clear and convincing evidence, to demonstrate that fraudulent joinder has occurred. *Am. Dredging Co. v. Atl. Sea Con, Ltd.*, 637 F. Supp. 179, 183 (D.N.J. 1986).

2

Here, Defendants object to Judge Kiel's conclusion that fraudulent joinder does not bar remanding this matter to state court because there is "more than a mere possibility" that Plaintiffs may succeed on a state law products liability claim as to defendant Segedin, an alleged former manager employed at the BJ's Wholesale Club location where Yohanny purchased the allegedly defective product. R&R at 4; *see generally* ECF No. 26. Specifically, Defendants argue that Plaintiffs' product liability claims are subsumed by the New Jersey Product Liability Act ("PLA"), and moreover, that Plaintiffs have not alleged any independent negligent act as to defendant Segedin that could give rise to a colorable claim. ECF No. 26 at 7–17. According to Defendants, the Court should rely on evidence purporting to show that defendant Segedin was not employed by BJ's Wholesale Club at the time the alleged defective product was manufactured, let alone at the time Yohanny was purportedly injured. *Id.* Therefore, Defendants aver that defendant Segedin must have been fraudulently joined in this action to destroy diversity jurisdiction. *Id.*

However, as Judge Kiel noted, Courts in this district have found it proper for a plaintiff to name an individual employee in an action to recover damages for personal injuries caused by alleged negligence. *See, e.g.*, *Acerra v. Whirlpool Corp.*, No. 09-05402, 2010 WL 1265198, at *1 (D.N.J. Mar. 26, 2010); *see also Carvajal v. Target Stores, Inc.*, No. 15-03797, 2016 WL 111423, at *3 (D.N.J. Jan. 11, 2016); *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 762 (1989). Even if Plaintiffs' claims against defendant Segedin are not ultimately successful, the Court agrees that it was reasonable for Plaintiffs to join him as a defendant. *See Lappe v. Target Corp.,* No. 15-00007, 2016 WL 6305949, at *6 (D.N.J. Oct. 27, 2016).

Moreover, to determine whether Segedin is potentially liable under the PLA would require the Court to engage in a merits analysis which goes beyond answering the instant jurisdictional question of whether joinder was fraudulent. Defendants' arguments regarding possible dates of

3

manufacture and Segedin's purported employment present disputes of underlying facts that are beyond the scope of the instant inquiry. *Batoff*, 977 F.2d at 852.  And contrary to Defendants' objections that Plaintiffs failed to sufficiently connect Segedin to Plaintiffs' alleged injury (ECF No. 26 at 7–17), Plaintiffs assert that Segedin was employed by BJ's Wholesale Club, and was allegedly responsible for "the ordering, stocking, marketing, and sale of the [product]." ECF No. 1 at ¶ 16.  While sparse, these allegations give rise to the *possibility* that Plaintiffs will succeed on their claims in state court. As such, though Defendants' objections are noted, Defendants have not met their burden to show by clear and convincing evidence that Plaintiff fraudulently joined Segedin in this action.

Accordingly, **IT IS** on this 29th day of November, 2022;

**ORDERED** that this Court **ADOPTS** Judge Kiel's June 28, 2021 Report and Recommendation that Plaintiff's motion to remand this matter to state court (ECF No. 9) be granted and to deny Defendant's cross-motion to dismiss as moot. ECF No. 17; and it is further

**ORDERED** that Plaintiff's motion to remand this action to state court is **GRANTED**; and it is further

**ORDERED** that Defendant's cross-motion to dismiss is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**SO ORDERED**.

s/ Claire C. Cecchi<br>
**CLAIRE C. CECCHI, U.S.D.J.**